UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                      Civ. No. 25-cv-167-JL-AJ

Melissa Countway
Hawley Rae
New Hampshire Dep't of Motor Vehicles
and Director John Marasco

**REPORT AND RECOMMENDATION**

Self-represented plaintiff Josephine Amatucci, appearing in forma pauperis, has filed a complaint (Doc. No. 1) against a New Hampshire judge, a New Hampshire State Trooper, the New Hampshire Department of Motor Vehicles ("DMV"), and the Director of the DMV. Mrs. Amatucci claims that her constitutional rights were violated when her driver's license was suspended. Mrs. Amatucci's complaint and two addenda (Doc. Nos. 2 and 5)[1] are before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**STANDARD OF REVIEW**

The magistrate judge conducts a preliminary review of pleadings, like Mrs. Amatucci's, that are filed in forma

---

[1] Although Document No. 2 is captioned as an Amended Complaint, the court construes it as an addendum to her original complaint rather than a new complaint.

pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**FACTUAL AND PROCEDURAL BACKGROUND**

Mrs. Amatucci's complaint and addendum contain few factual details, but refer to previous lawsuits she filed in this court against the same defendants related to the loss of her driving privileges. See Amatucci v. Rae, Civ. No. 22-cv-202-SM-AJ (D.N.H. filed May, 20, 2022; dismissed July 29, 2024) ("Amatucci I"); Amatucci v. Countway, Civ. No. 25-cv-107-JL-TSM (D.N.H. filed Mar. 17, 2025; dismissed Apr. 30, 2025) ("Amatucci II"). The court extensively described the factual background of Mrs. Amatucci's licensure proceedings in two Report and

2

Recommendations ("R&Rs") (Doc. Nos. 25 and 50) in Amatucci I, which the court restates here only with enough detail to provide the proper context for the court's analysis.

Mrs. Amatucci sued two New Hampshire State Troopers, a State Police Troop, N.H. Circuit Court District Division Judge Melissa Countway, the N.H. Division of Motor Vehicles ("DMV"); and DMV Director John Marasco. One of those State Troopers, Hawley Rae, is a defendant in this case, as are Judge Countway, Director Marasco, and the DMV. The suit stemmed from three traffic stops involving Mrs. Amatucci in 2020 and 2021, the DMV Director's orders requiring her driving ability to be reexamined, and the suspension of Mrs. Amatucci's driver's license in 2022 after she failed to appear for scheduled retests. Amatucci I, March 28, 2024, R&R (Doc. No. 25) at 2.

Following trials, Judge Countway found that Mrs. Amatucci was guilty of the traffic violations issued by the two defendant Troopers In Amatucci I. Id. at 4-5. Based on findings made by Judge Countway regarding concerns for Mrs. Amatucci's driving ability, Trooper Rae requested that the DMV re-examine Mrs. Amatucci's license qualifications. Id. at 6. DMV Director Marasco approved Trooper Rae's request for re-examination of Mrs. Amatucci. The DMV scheduled successive driver's tests for Mrs. Amatucci in April, May, June, and August 2022. Id. Mrs. Amatucci did not show up for those retests. After she failed to

3

appear three times for scheduled re-examinations, Mrs. Amatucci's driver's license was suspended. Id.

Mrs. Amatucci requested a hearing on the suspension of her license and on the order that she retake the driver's test. A "Notice of Hearing" then directed Mrs. Amatucci to appear for an administrative hearing on those matters. Id. at 7. That administrative hearing occurred on August 11, 2022. The evidence included Mrs. Amatucci's testimony and the statements of DMV representative Michael Mercier, as well as the December 2021 Report prepared by Trooper Rae, and proof that Mrs. Amatucci had failed to appear for three scheduled reexaminations. Id.

A Hearing Examiner's written decision states that the December 2021 report from Trooper Rae gave the DMV Director "cause" to require Mrs. Amatucci to complete a reexamination. Id. The Hearing Examiner also found that Mrs. Amatucci had failed to appear for three scheduled driver's tests, which resulted in the temporary suspension of her license. Id. at 8. The Hearings Examiner's decision allowed the license suspension to remain in effect and notified Mrs. Amatucci that she could retake the driver's test, pay the reinstatement fee, and comply with other DMV requirements to restore her driving privileges, and that she could appeal that decision in the N.H. Superior Court. Id. Mrs. Amatucci did not file any state court appeal of the DMV decision.

Mrs. Amatucci claimed in Amatucci I that the defendants violated her state and federal rights. Following preliminary review, the undersigned Magistrate Judge recommended dismissal of all claims against all defendants, except for certain claims under 42 U.S.C. § 1983 against Trooper Rae and Director Marasco.[2] Id. at 19-20.  In the absence of an objection from Mrs. Amatucci, Judge McAuliffe approved the report and recommendation. Amatucci I, April 24, 2022, Order (Doc. No. 32). The undersigned Magistrate Judge subsequently recommended granting the defendants' motions to dismiss the remaining claims pursuant to Fed. R. Civ. P. 12(b)(6). July 17, 2024 R&R (Doc. No. 50). Overruling Mrs. Amatucci's objection, Judge McAuliffe approved the R&R. See July 29, 2024 Order (Doc. No. 53). Judgment entered in the defendants' favor the next day. (Doc. No. 54).

Though Mrs. Amatucci did not appeal the dismissal of Amatucci I, to the First Circuit Court of Appeals, she filed seven post-trial motions seeking to reverse the dismissal. Judge McAuliffe denied each motions.  After the final denial, he entered the following Order:

---

[2] The court allowed equal protection, age and disability discrimination, and First Amendment retaliation claims to proceed against Trooper Rae, and First Amendment retaliation and procedural due process claims to proceed against Director Marasco. Amatucci I, Mar. 28, 2024 R&R (Doc. No. 25) at 13-15.

> "As it is clear Mrs. Amatucci will not follow this Court's clear orders, and as her filings in this case are interfering with the Court's ability to efficiently manage its docket, the Court now directs that no further filings will be accepted in this case. Any filing Mrs. Amatucci makes in this case will not be reviewed by the Court. The Clerk's office is directed to return any future filings Mrs. Amatucci makes in this case to her, undocketed."

Amatucci I, Feb. 28, 2025 Order (Doc. No. 65). Though Mrs. Amatucci filed no additional documents in Amatucci I, she filed Amatucci II a few weeks later.

Magistrate Judge Saint-Marc conducted preliminary review of Amatucci II. After first noting that Mrs. Amatucci claimed that the DMV and Director Marasco violated her constitutional rights by suspending Ms. Amatucci's driver's license, Judge Saint-Marc recommended dismissal pursuant to res judicata because the claims and parties in Amatucci II were identical to those that were subject to a final judgment on the merits in Amatucci I. See Amatucci II, April 14, 2025 R&R (Doc. No. 6) at 3 ("It is beyond any reasonable dispute that all the elements of res judicata are met here."), R&R approved April 30, 2025 (Doc. No. 8). Mrs. Amatucci has not appealed the judgment in Amatucci II. This suit was filed April 28, 2025, prior to the entry of judgment in Amatucci II.

6

**CLAIMS**

In this case, Mrs. Amatucci disputes the guilty findings in the traffic cases and asserts that she has proven that Trooper Rae's request regarding her ability to drive was part of a conspiracy to retaliate against her. Compl. Add. (Doc. No. 2) at 1. She further alleges that the DMV violated her constitutional Due Process rights by suspending her license without a hearing. Compl. (Doc. No. 1) at 2.

**DISCUSSION**

**I. Claim Preclusion/Res Judicata**

This is the third case Mrs. Amatucci has brought based on the suspension of her driver's license and the traffic infractions leading up to the suspension. This case is, in all relevant respects, identical to Amatucci I and Amatucci II, the two the court previously dismissed. The doctrine of claim preclusion, sometimes called res judicata – which served as the basis for the dismissal of Amatucci II -- precludes a plaintiff from asserting claims in a lawsuit which were previously asserted in an earlier suit, if "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Metzler Asset Mgmt. GmbH v. Kinsley, 928 F.3d 151, 156 (1st Cir. 2019) (citation omitted). To the extent that Mrs. Amatucci argues

7

that she didn't actually raise the claims in this suit in the two previous suits, the doctrine of claim preclusion also "bars parties from relitigating claims that could have been made in an earlier suit," even if they were not actually made in the earlier suit. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). As the parties and claims in this suit are identical to those which were brought – or could have been brought -- in Amatucci I, the court again, as it did in Amatucci II, recommends dismissal of this action based on res judicata.

## II. Future Claims

Should the district judge approve this report and recommendation, it will mark the third dismissal of identical suits based on the suspension of Mrs. Amatucci's driver's license. The repeated filing of claims based on the same incident, as well as her repeated filings of baseless post-judgment motions in Amatucci II, raises the issue of vexatious litigation.

"Federal courts possess discretionary powers to regulate the conduct of abusive litigants." United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation and internal quotation marks omitted). "[E]xtreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties," may justify a federal court's issuance of an injunction barring a party from further filing

frivolous and vexatious lawsuits. Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (citation omitted). Any "restrictions imposed must be tailored to the specific circumstances presented." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993). Further, before a filing restriction may be imposed, a litigant must be "warned or otherwise given notice that filing restrictions [are] contemplated." Id. at 35. In determining whether a filing restriction is appropriate in this case, the court recognizes "that the use of broad filing restrictions against pro se plaintiffs should be approached with particular caution." Cok, 985 F.2d at 35 (cleaned up).[3]

---

[3] Mrs. Amatucci is currently subject to three filing restrictions in this court. The first was issued by Judge McAuliffe on July 29, 2013, enjoining her "from commencing any further actions in this court arising from a 2003 arrest without prior approval from a judge of this court." July 29, 2013 Order, Amatucci v. Hamilton, No. 13-cv-87-SM (D.N.H.) (Doc. No. 8), at 1-2 ("2013 Filing Restriction"). Judge Laplante later enjoined her from filing any additional suits against certain defendants "arising out of the events of May 7, 2014, the ensuing state prosecution, and/or" a particular "no trespass" order issued against her. February 6, 2018 Report and Recommendation (Doc. No. 77), Amatucci v. Chase, et al., Civ. No. 17-237-JL (D.N.H.), R&R approved (Doc. No. 100) (D.N.H. April 11, 2018) ("2018 filing restriction"). Most recently, in Amatucci v. Town of Wolfeboro, et al., No. 22-319-JL, the court enjoined Mrs. Amatucci from filing further complaints related to an incident at the Wolfeboro (N.H.) transfer station. See id., Aug. 24, 2023 Order (Doc. No. 19) ("the 2023 filing restriction").

Even in the exercise of "particular caution," Cok, 985 F.2d at 35, Mrs. Amatucci's litigation history, with respect to her driver's license and the incidents already subject to filing restrictions, persuades the court that it is appropriate to recommend the imposition of a filing restriction related to Mrs. Amatucci's future litigation of claims arising from the 2020 and 2021 traffic violations and license suspension that were the subject of Amatucci I and II. Specifically, the court recommends that Mrs. Amatucci be enjoined from commencing any pro se actions in this court arising out of the 2020 and 2021 traffic violations described above and/or the proceedings that led to the suspension of her New Hampshire driver's license without prior approval from a judge of this court. The court further recommends that, if this recommendation is approved, this injunction be added to the master miscellaneous file created for Mrs. Amatucci's filings by the 2018 filing restriction. See In re Amatucci Master File, 18-mc-38-JL (D.N.H. opened Feb. 6, 2018).

If any of Mrs. Amatucci's future filings violate this – or any other -- injunction, the court will reject the filing and return any filing fee paid.  This recommended injunction does not prevent Mrs. Amatucci from pursuing any meritorious claims which have arisen or may arise in the future, and that are appropriately brought in this Court.

10

Finally, Mrs. Amatucci's right to object to this report and recommendation will give her a full and fair opportunity to address the recommended injunction, and thus constitutes notice. See Cok, 985 F.2d at 35 (observing that adequate notice may be provided by a magistrate judge's report and recommendation, to which a party may object prior to the issuance of an order by the district judge) (citing Pavilonis v. King, 626 F.2d 1075, 1077 (1st Cir. 1980)); 2013 Filing Restriction (Magistrate Judge McCafferty recommended filing restriction with opportunity to object and no additional warning); Gambee v. Wells Fargo Bank, NA, No. CV 18-12657-PBS, 2019 WL 7565451, at *8 (D. Mass. June 26, 2019), (recommending injunction without additional warning), R&R approved, July 11, 2019 Order (Doc. No. 25).

## CONCLUSION

For the reasons detailed above, the district judge should dismiss this case with prejudice on the basis of res judicata. Further, Mrs. Amatucci should be enjoined from commencing any further actions in this court arising from the 2020 and 2021 traffic violations and license suspension that were the subject of Amatucci I and II. If this recommendation is adopted, the Clerk's office shall docket a copy of this Order in In re Amatucci Master File, 18-mc-38-JL (D.N.H.), and forward all of Mrs. Amatucci's filings initiating a new case in this court to a judge of this court for review to determine compliance with this Order and the

11

2013, 2018, and 2023 Filing Restrictions, as fully explained and set forth in this Order.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

_____
Andrea K. Johnstone
United States Magistrate Judge

Date: May 22, 2025

cc: Josephine Amatucci, pro se